## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | | |
|---|---|---|
| DONALD ERIC ESTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  2:15-CV-95-JRG-MCLC |
| | ) | |
| SHARON SMITH, OFFICER CROSBY, | ) | |
| OFFICER COPAS, and OFFICER | ) | |
| KICKLITER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint alleging civil rights violations under 42 U.S.C. § 1983. Plaintiff filed a complaint under 42 U.S.C. § 1983 on April 20, 2015 [Doc. 1].  On March 21, 2018, the Court screened Plaintiff's amended complaint, and allowed Plaintiff's Eighth Amendment excessive force claims against Defendants Crosby, Copas, and Kickliter, and Plaintiff's deliberate indifference claim under the Eighth Amendment against Defendant Smith to proceed [Doc. 8]. The Court ordered Plaintiff to complete a service packet for these Defendants and return it to the Clerk's office within twenty (20) days of the date of the Order [*Id.* at 19].  Plaintiff was forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action [*Id.*].  The Court's screening Order sent to Plaintiff was returned as undeliverable [Doc. 9].

After Plaintiff failed to return the service packets, on May 2, 2018, the Court ordered Plaintiff to show cause within fifteen (15) days of entry as to why his case should not be dismissed for failure to comply with the Court's orders and for want of prosecution [Doc. 10].  Additionally, the show cause Order sent to Plaintiff was also returned as undeliverable [Doc. 11].

More than fifteen days have passed, and Plaintiff has failed to return the service packets or otherwise respond to the Court's Order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply can be attributed to his own willfulness or fault. Plaintiff failed to return the service packets or respond to the Court's previous show cause order, despite being instructed by the Court to do so. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. It is clear that Plaintiff has failed to provide the Court with notice of his correct address. Without his correct and current address, the Court cannot communicate with Plaintiff regarding his case. The Court previously ordered Plaintiff to inform the Court of any address changes immediately, and warned Plaintiff

that failure to provide a correct address within fourteen days may result in the dismissal of this action [Doc. 8 p. 19]. The failure of a pro se party to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. E.D. Tenn. L.R. 83.13. Accordingly, the Court finds that the first factor weighs in favor of dismissal.

The second factor does not weigh in favor of dismissal; as the Defendants have not been served, they have not been prejudiced by the delay. However, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

Accordingly, this action will be **DISMISSED WITH PREJUDICE**, *sua sponte*, for want of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

**ENTER:**

                                 s/J. RONNIE GREER
                             UNITED STATES DISTRICT JUDGE